FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 11 2017 ★
BROOKLYN OFFICE

NMA:TM/EEA/MKC
F.#2014R01255

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------X

UNITED STATES OF AMERICA

- against -

FRANCISCO MELENDEZ-PEREZ,
    also known as "Paco" and "el Mojarra,"
FABIAN REYES-ROJAS and
ABEL ROMERO-MELENDEZ,
    also known as "La Borrega" and
"Borrego,"

             Defendants.

-------------------------------X

INDICTMENT

Cr. No. _____ CR 17 00434

(T. 8, U.S.C., §§ 1324(a)(1)(A)(iv),
1324(a)(1)(A)(v)(I),
1324(a)(1)(A)(v)(II),
1324(a)(1)(B)(i), 1324(a)(1)(B)(ii),
1324(b) and 1326(a); T. 18, U.S.C.,
§§ 982(a)(6), 1591(a)(1),
1591(a)(2), 1591(b)(1), 1591(b)(2),
1594(d), 2 and 3551 et seq.; T. 21,
U.S.C., § 853(p); T. 28, U.S.C.,
§ 2461(c))

ROSS, J.

KUO, M.J.

THE GRAND JURY CHARGES:

<u>COUNT ONE</u>
(Alien Smuggling Conspiracy)

1. In or about and between 2010 and July 2017, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants FRANCISCO MELENDEZ-PEREZ, also known as "Paco" and "el Mojarra," FABIAN REYES-ROJAS and ABEL ROMERO-MELENDEZ, also known as "La Borrega" and "Borrego," together with others, did knowingly and intentionally conspire: (a) to encourage and induce one or more aliens to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence was and would be in violation of law, for the purpose of private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv) and 1324(a)(1)(B)(i); (b) knowing and in reckless disregard of the fact that one or more aliens had come to, entered and

remained in the United States in violation of law, to transport and move such alien or aliens within the United States by means of transportation and otherwise, in furtherance of such violation of law, for the purpose of private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(i); and (c) knowing and in reckless disregard of the fact that one or more aliens had come to, entered and remained in the United States in violation of law, to conceal, harbor, and shield from detection such alien or aliens in any place, including any building and any means of transportation, for the purpose of private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iii) and 1324(a)(1)(B)(i).

(Title 8, United States Code, Sections 1324(a)(1)(A)(v)(I) and 1324(a)(1)(B)(i); Title 18, United States Code, Sections 3551 et seq.)

## COUNT TWO
(Sex Trafficking of a Minor)

2. In or about and between July 2010 and April 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant FRANCISCO MELENDEZ-PEREZ, also known as "Paco" and "el Mojarra," together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide, obtain and maintain by any means a person, to wit: Jane Doe #1, an individual whose identity is known to the Grand Jury, in and affecting interstate and foreign commerce, and did benefit, financially and by receiving anything of value, from participation in a venture which engaged in such acts, knowing that (1) force, threats of force, fraud and coercion and a combination of such means would be used to cause Jane Doe #1 to engage in one or more commercial sex acts, and (2) Jane Doe #1 had not attained the age of 18 years

and would be caused to engage in one or more commercial sex acts, which offense was effected by means of force, threats of force, fraud and coercion and a combination of such means.

(Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2), 1591(b)(1), 1591(b)(2), 2 and 3551 et seq.)

## COUNT THREE
(Alien Smuggling)

3. In or about and between July 2010 and November 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant FRANCISCO MELENDEZ-PEREZ, also known as "Paco" and "el Mojarra," together with others, did knowingly and intentionally encourage and induce an alien, to wit: Jane Doe #1, to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence was and would be in violation of law, for the purpose of private financial gain.

(Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(A)(v)(II), 1324(a)(1)(B)(i) and 1324(a)(1)(B)(ii); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT FOUR
(Illegal Reentry)

4. In or about and between 2013 and July 2017, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant FABIAN REYES-ROJAS, an alien who had previously been removed from the United States, did enter and was found in the United States, without the Attorney General or

3

the Secretary of the United States Department of Homeland Security having expressly consented to such alien's applying for admission.

(Title 8, United States Code, Section 1326(a); Title 18, United States Code, Sections 3551 et seq.)

## COUNT FIVE
(Illegal Reentry)

5. In or about and between 2013 and July 2017, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ABEL ROMERO-MELENDEZ, also known as "La Borrega" and "Borrego," an alien who had previously been removed from the United States, did enter and was found in the United States, without the Attorney General or the Secretary of the United States Department of Homeland Security having expressly consented to such alien's applying for admission.

(Title 8, United States Code, Section 1326(a); Title 18, United States Code, Sections 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS ONE AND THREE

6. The United States hereby gives notice to the defendants charged in Counts One and Three that, upon their conviction of either offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(6), Title 8, United States Code, Section 1324(b) and Title 28, United States Code, Section 2461(c), which require the forfeiture of: (a) any conveyance, including any vessel, vehicle or aircraft used in the commission of such offenses; (b) any property, real or personal, that is used to facilitate,

or is intended to be used to facilitate, the commission of such offenses; and (c) the gross proceeds of such offenses.

7. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property that cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 8, United States Code, Section 1324(b); Title 18, United States Code, Section 982(a)(6); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNT TWO

8. The United States hereby gives notice to the defendant charged in Count Two that upon his conviction of such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 1594(d), of (a) any property, real or personal, that was involved in, used, or intended to be used to commit or to facilitate the

commission of such offense, and any property traceable to such property; and (b) any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense, or any property traceable to such property.

9. If any of the above-described forfeitable property, as a result of any act or omission of such defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of such defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 1594(d); Title 21, United States Code, Section 853(p))

A TRUE BILL

_____
FOREPERSON

_____
BRIDGET M. ROHDE
ACTING UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F. # 2014R01255
FORM DBD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

vs.

FRANCISCO MELENDEZ-PEREZ, also known as "Paco" and "el Mojarra,"
FABIAN REYES-ROJAS and ABEL ROMERO-MELENDEZ, also known as "La Borrega" and "Borrego,"

Defendants.

# INDICTMENT

(T. 8, U.S.C., §§ 1324(a)(1)(A)(iv), 1324(a)(1)(A)(v)(I), 1324(a)(1)(A)(v)(II), 1324(a)(1)(B)(i), 1324(a)(1)(B)(ii), 1324(b), 1326(a); T. 18, U.S.C., §§ 2; 982(a)(6), 1591(a)(1), 1591(a)(2), 1591(b)(1), 1591(b)(2), 1594(d); T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

*A true bill.* 

_____
                                                              *Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____
                                                                    *Clerk*

*Bail, $* _____

**Taryn A. Merkl, Erin E. Argo & Monica K. Castro, Assistant U.S. Attorneys (718) 254-6064/6049/6040**